**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALAIN RAMOS,**

       **Plaintiff,**

**vs.**                              **Case No. 4:17cv283-MW/CAS**

**SINDY BONILLA,**

       **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, proceeding pro se, was granted leave to proceed with in forma pauperis status, ECF No. 6, and he has now paid the initial partial filing fee. ECF No. 7. Accordingly, his civil rights complaint, ECF No. 1, has now been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff is incarcerated at Desoto Correctional Institution. The only named Defendant is in Miami, Florida. ECF No. 1 at 2. It does not appear that there is any connection to the Northern District of Florida; however, it also does not appear that transferring this case is necessary.

Plaintiff's complaint is against an individual who reported a burglary. ECF No. 1 at 5. Plaintiff was identified as the suspect who committed the

burglary in January 2009.  *Id.*  The Defendant named in this case was the victim of that crime.  *Id.*  Plaintiff now alleges that the Defendant committed insurance fraud and perjury.  *Id.*  He contends that the Defendant's "act of fraud has convicted the Plaintiff, and got Plaintiff sentence[d] to life in prison."[1]  *Id.* at 6.  Plaintiff seeks "relief of sentence or conviction" and injunctive relief from the victim.  *Id.* at 7.

First, the events about which Plaintiff complains occurred in 2009.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).  In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988)).  Because the events at issue took place more than fours years prior to the filing of this

---

[1] It appears from an attachment to the complaint that the State sought an enhanced penalty against Plaintiff pursuant to FLA. STAT. § 775.084 as a habitual felony offender, habitual violent felony offender, and violent career criminal.  ECF No. 1 at 25.

case, the claims are barred by the statute of limitations and must be dismissed.

Second, the named Defendant is not a "state actor" but a private citizen.  One cannot be liable under § 1983 unless the conduct at issue was committed by a "state actor."  <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).  "To show that conduct is 'fairly attributable' to the state, a plaintiff must prove that: (1) the alleged constitutional deprivation was 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible' and (2) the party charged with the deprivation is a state actor."  <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999); <u>Patrick v. Floyd Med. Ctr.</u>, 201 F.3d 1313, 1315 (11th Cir. 2000) (quoting <u>Sullivan</u>) (quoted in <u>Allocco v. City of Coral Gables</u>, 221 F. Supp. 2d 1317, 1373 (S.D. Fla. 2002), *aff'd*, 88 F. App'x 380 (11th Cir. 2003)).  "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes."  <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992) (quoted in <u>Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001)).  This is not one of those rare circumstances.  No facts are presented which

reveal that (1) the State "coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'"); (2) the private [party] performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private [party] that it was a joint participant in the enterprise[]' ('nexus/joint action test')." NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026–27 (11th Cir. 1988) (quoted in Rayburn, 241 F.3d at 1347). Therefore, the § 1983 must fail as a matter of law.

Third, even if there were sufficient allegations of state action, the law is clear that one may not seek injunctive relief which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated). "In Heck v. Humphrey, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372–73, 129 L.Ed.2d 383 (1994), the

Case No. 4:17cv283-MW/CAS

Supreme Court 'held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997) (quoted in Harden v. Pataki, 320 F.3d 1289, 1291 (11th Cir. 2003)). Put another way, "a state prisoner may not maintain an action under 42 U.S.C. § 1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving." Spencer v. Kemna, 523 U.S. 1, 21, 118 S.Ct. 978, 990, 140 L.Ed.2d 43 (1998) (quoted in Pataki, 320 F.3d at 1295).

Here, Plaintiff is currently incarcerated and serving a life sentence as a result of the allegedly wrongful conduct of the Defendant. Because he seeks relief from that conviction and sentence, it is apparent that his conviction has "not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ

of habeas corpus,[2] 28 U.S.C. § 2254." <u>Pataki</u>, 320 F.3d at 1294 (quoting <u>Heck</u>, 512 U.S. at 486-87, 114 S.Ct. at 2372). Accordingly, Plaintiff cannot meet the "favorable termination requirement" for bringing a § 1983 action and this case should be dismissed because it is barred by <u>Heck</u>.

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 8, 2017.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Judicial notice is taken that Plaintiff's direct appeal, <u>Ramos v. State</u>, 77 So. 3d 1271 (Fla. 3d DCA 2011), and petition for writ of habeas corpus were denied. <u>Ramos v. State</u>, 107 So. 3d 421 (Fla. 3d DCA 2012). Plaintiff's Rule 3.850 petition was denied as untimely by the trial court and affirmed on appeal by the Third District Court of Appeal of Florida. <u>Ramos v. State</u>, 159 So. 3d 150 (Fla. 3d DCA 2014). Plaintiff filed a § 2254 habeas petition in the Southern District of Florida in July 2017 which is currently pending. *See* case # 1:17cv22611-KMM.

Case No. 4:17cv283-MW/CAS

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.